```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

TELEDYNE CONTINENTAL MOTORS, INC.
et al.,                                :

              Plaintiffs,              :

v.                                     :   CIVIL ACTION NO. 08-0459-CG-M

VIBRATECH, INC., et al.,               :

              Defendants.              :
```

REPORT AND RECOMMENDATION

This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b) on Defendants' Notice of Removal (Doc. 1), Plaintiffs' Motion to Remand (Docs. 12, 13), and the parties' respective supportive filings (Docs. 27, 28). Upon consideration of the foregoing pleadings and filings, the Magistrate Judge recommends that the Court grant the Motion to Remand and remand this action to the Circuit Court of Mobile County, Alabama, from whence it came.

I.   Factual and Procedural History.[1]

On June 27, 2008, Plaintiffs Teledyne Continental Motors, Inc. ("TCM") and Teledyne Technologies, Inc. ("TTI") filed a Complaint against Defendant Vibratech, Inc. (referred to herein as the "non-removing Defendant"), as well as Erin M. Arnall, as Executor of the Estate of Jamie E. Arnall and as surviving spouse

---

[1] The Court considers the facts of this action for the sole purpose of deciding whether the case was properly removed. This is a jurisdictional finding and does not affect the parties' substantive rights.

of Jamie E. Arnall ("Arnall"), Lynn B. Cress, as surviving spouse and personal representative of the Estate of David C. Cress ("Cress"), Josephine Yvonne Farwell, as Administrator of the Estate of Clayton Ralph Farwell and as surviving spouse of Clayton Ralph Farwell ("Farwell"), Cynthia Louise Frost, as Executor of the Estate of James Howard Frost and as surviving spouse of James Howard Frost ("Frost"), Lori M. Laswell, as surviving spouse and personal representative of the Estate of John M. Laswell ("Laswell"), Georgia Cumberland Conference of Seventh-Day Adventists ("GCC"), and Georgia Cumberland Association of Seventh-Day Adventists ("GCA") (referred to collectively herein as the "removing Defendants"), in the Circuit Court of Mobile County, Alabama.  (Doc. 1 at 1-2).  The Complaint asserts an action against the removing Defendants and against the non-removing Defendant, Vibratech, under the Alabama Declaratory Judgment Act,  Alabama Code § 6-6-220, *et seq.*, seeking the interpretation of a disputed indemnity obligation under a contract between Plaintiff TCM and non-removing Defendant Vibratech, as well as the interpretation of a Certificate of Insurance issued to Vibratech by TCM's insurer."[2]  (Doc. 12 at

---

[2] This declaratory judgment action follows a group of six lawsuits filed by the removing Defendants in the State Court of Gwinnett County, Georgia, In re Cessna 421B N421SD Litigation, Master File No. 05-C-15668-2 (the "Georgia lawsuit"), against TCM, TTI, and Vibratech.  (Doc. 1 at 3; Doc. 1, att. 1 at 8).  Those lawsuits arose out of an airplane crash that occurred on December 2, 2004, in Apison, Tennessee, allegedly as a result of

2).

On August 6, 2008, the "removing Defendants" filed a Notice of Removal of the declaratory judgment action, invoking this Court's diversity jurisdiction. (Doc. 1). According to the Notice of Removal, Plaintiff TCM is a Delaware corporation with its principal place of business in Mobile, Alabama, and Plaintiff TTI is a Delaware corporation with its principal place of business in Los Angeles, California. (Doc. 1 at 2).

None of the Defendants, removing or non-removing, is a citizen of Alabama. (Doc. 1 at 2-3; Doc. 1, att. 1 at 3-5). Removing Defendant Arnall is a resident and citizen of Tennessee; removing Defendant Cress is a resident and citizen of Georgia; removing Defendant Farwell is a resident and citizen of Tennessee; removing Defendant Frost is a resident and citizen of Georgia; removing Defendant Laswell is a resident and citizen of Tennessee; removing Defendant GCC is an unincorporated association of congregations in Georgia and Tennessee, having its principal place of business in Calhoun, Georgia; and removing Defendant GCA is a Georgia non-profit corporation with its principal place of business in Calhoun, Georgia. (Doc. 1 at 3).

---

a defective "viscous damper" manufactured and supplied by Vibratech to TCM, who installed the defective part in the rebuilt Cessna engine involved in the crash. (Doc. 5, att. 3 at 3-4). The crash resulted in the death of the pilot and four passengers. (Id.). Default judgments have been entered in those lawsuits against Vibratech. (Doc. 1, att. 1 at 8).

Non-removing Defendant, Vibratech, is a Delaware corporation with its principal place of business in Alden, New York.  (Doc. 1, att. 1 at 4).

Plaintiffs TCM and TTI contend that the removing Defendants have not established any basis upon which this Court may exercise subject-matter jurisdiction in this action inasmuch as Plaintiffs and Defendant Vibratech are all Delaware corporations, thereby destroying diversity, and Defendant Vibratech did not consent to removal.  (Doc. 12 at 3).  The removing Defendants respond that "Vibratech is merely a nominal defendant whose citizenship should be disregarded and whose consent to remand is entirely unnecessary."  (Doc. 27 at 2).

II.  Legal Analysis.

Federal courts are courts of limited jurisdiction and only have the power to hear cases authorized by the Constitution or by an Act of Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Therefore, a removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and "bears the burden of proving proper federal jurisdiction." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).

As a grant of subject matter jurisdiction, "removal jurisdiction raises significant federalism concerns; [thus,] federal courts are directed to construe removal statutes

4

strictly" and resolve all doubts about jurisdiction "in favor of remand to state court."  University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).  Facts supporting removal jurisdiction are judged at the time of the removal.  Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (citing Allen v. R & H Oil Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

The removal petition in this action avers that removal is proper based on diversity of citizenship.  (Doc. 1 at 3).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000, and there is diversity of citizenship between the parties.  28 U.S.C. § 1332.  Because there is no dispute that the amount-in-controversy requirement is satisfied, the only question with regard to diversity jurisdiction is whether Plaintiffs and Defendants are residents of different states.

As discussed above, it is undisputed that Plaintiffs TCM and TTI, as well as Defendant Vibratech, are all Delaware corporations.  Thus, it appears at the outset that there is no diversity of citizenship.

To overcome this impediment to complete diversity and the removability of this action, the removing Defendants allege that the non-removing, non-diverse Defendant, Vibratech, is nominal.  (Doc. 1 at 4; Doc. 27 at 2).  A nominal party is defined as "a party who, having some interest in the subject matter of a

lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects," such as, "the disinterested stakeholder in a garnishment action." GMFS, L.L.C. v. Bounds, 275 F. Supp. 2d 1350, 1353 (S.D. Ala. 2003) (citing Black's Law Dictionary 1145 (7th ed. 1999)).

In determining citizenship for purposes of removal, the citizenship of purely nominal or formal parties may be disregarded. See Salem Trust Co. v. Manufacturers' Fin. Co., 264 U.S. 182, 190 (1924) (a bank with no interest in the underlying controversy, holding funds to be paid to the prevailing party, is merely nominal and will not be considered on the issue of jurisdiction). "The test for whether a defendant is an indispensable party (and thus a party whose citizenship must be considered) is whether, in the absence of the defendant, the court can enter a final judgment consistent with equity and good conscience that would not be in any way unfair or inequitable." La Shangrila, Inc. v. Hermitage Ins. Co., 2007 WL 2330912, *1 (M.D. Fla. 2007). As illustrated by the Salem case, the classic example of a nominal party is one whose "role in the law suit is that of a depositary or stakeholder." Seraphin v. Parapella, 489 F. Supp. 2d 1354, 1355 (S.D. Fla. 2007) (citations omitted). "However, there is no bright line rule in this determination; rather a defendant's status as a nominal party depends on the facts of each case." Id.

6

In support of their assertion that Vibratech is a nominal defendant, the removing Defendants point out that Vibratech is a "defunct, bankrupt corporation" that defaulted in the underlying Georgia lawsuit. (Doc. 27 at 2-3). Moreover, they argue, Vibratech has no real, substantive interest in the outcome of this litigation.[3] (Doc. 27at 2 and n.1). According to the removing Defendants:

> The real controversy lies between TCM and TTI and the Removing Defendants because if this Court determines that TCM and TTI owe a duty to Vibratech under the Side Agreement, it is TCM and TTI that will be adversely impacted and the Removing Defendants who will directly benefit, not Vibratech. Conversely, if this Court should determine that TCM and TTI owe no such duty to Vibratech, it is the Removing Defendants who will suffer and not Vibratech. In short, the only named party with *nothing* at stake is Vibratech. Therefore, Vibratech meets the very definition of a nominal party. Vibratech's citizenship should be ignored for purposes of removal, and its consent to removal was unnecessary.

(Doc. 27 at 4) (emphasis in original).

Plaintiffs TCM and TTI disagree with the removing Defendants, asserting that Vibratech is *the* primary Defendant in this litigation. According to Plaintiffs, the interests of the

---

[3] The removing Defendants claim that Vibratech is no longer in existence and that its interests in this litigation are "virtually non-existent." They state, "regardless of this Court's holding [related to the declaratory judgment], the reality of the situation is that Vibratech will *never* be out-of-pocket any judgment against it." (Doc. 27 at 3-4 and n.1) (emphasis in original).

7

4

removing Defendants are purely derivative of those of Vibratech. (Doc. 12 at 4).

The removing Defendants are correct that, prior to this action, Vibratech suffered a default judgment in the underlying Georgia lawsuit. That default, however, does not render Vibratech a nominal defendant. "[A]n obdurate litigant is not on that account a nominal one." Bounds, 275 F. Supp. at 1353 (citations omitted). In Bounds, the court noted, "Defendants . . . willing to suffer default rather than defend themselves may be *uninterested* in the litigation, but they are hardly *disinterested*." Id. (emphasis added). Furthermore, the record in this action shows that Vibratech subsequently appeared and fought the default judgment in the Georgia lawsuit, filing a motion to open the default judgment, which the Georgia court denied.[4] (Doc. 5, att. 2 at 9). Vibratech also filed a Motion to Dismiss the Georgia action, which was also denied. (Doc. 5, att. 1 at 21).

The removing Defendants are also correct that Vibratech filed for bankruptcy in July, 2003, prior to the 2004 airplane crash that prompted the Georgia lawsuit and the present declaratory judgment action. (Doc. 5, att. 1 at 9, 11). However, although it filed for bankruptcy in 2003, Vibratech did

---

[4] The record shows that the default judgment and the denial of Vibratech's Motion to Dismiss were affirmed by the Georgia Court of Appeals on March 27, 2008. (Doc. 5, att. 3 at 27).

not simply cease to exist.  In its order of December 11, 2006, denying Vibratech's Motion to Dismiss in the Georgia lawsuit, the Georgia trial court stated, "[a] corporation, whether it expires by its own limitation or is otherwise dissolved, must be continued for the sole purpose of defending lawsuits and winding up affairs."  (Doc. 5, att.1 at 20).  "Vibratech did not simply cease to exist when it filed for bankruptcy.  Like any corporation, it had a duty to maintain a registered agent or some other agent for substituted service of process for the very reason this issue is now before the Court."  (Id.).

Moreover, contrary to the removing Defendants's argument, Vibratech does have assets at risk in this litigation, assets that are *outside* the bankruptcy estate.  In its order of December 11, 2006, denying Vibratech's Motion to Dismiss in the Georgia lawsuit, the Georgia court recognized Vibratech's interest in the insurance policy in question, referring to it as a "property interest" acquired after Vibratech filed for bankruptcy, thus constituting "nonestate property."  (Doc. 5, att. 1 at 12, 15-16).  Likewise, in its order of December 11, 2006, denying Vibratech's Motion to Open the Default in the Georgia lawsuit, the Georgia court pointed out that Vibratech has a "substantial asset" arising out of the indemnity agreement and insurance, which is outside its bankruptcy estate.  (Doc. 5, att. 2 at 9).

9

Thus, in this action which seeks to have determined any indemnity obligation owed by TCM to Vibratech pursuant to the "Side Agreement," and which seeks to have determined whether insurance proceeds are due Vibratech under the Certificate of Insurance purchased by TCM, on which Vibratech was expressly listed as a named insured, Vibratech is not nominal.  (Doc. 12 at 4).  As a signatory to the contract and a named insured on the Certificate of Insurance, which together are the focus of this litigation, Vibratech is a central, necessary party with a direct interest in the instant controversy.[5]  Parties who are the subjects of a real cause of action and who have an ownership interest in the property that is the subject matter of the litigation are not nominal.  See, e.g., Fisher v. Dakota Cmty. Bank, 405 F. Supp. 2d 1089, 1095 (D.N.D. 2005).

Therefore, because the removing Defendants have failed to satisfy their burden of establishing that Vibratech is a nominal defendant in this action, this Court cannot disregard the citizenship of Vibratech purposes of diversity of citizenship.

---

[5] The joinder of Vibratech as a defendant was also necessary under Alabama's Declaratory Judgment Act.  Section 6-6-227 requires that "[a]ll persons shall be made parties who have, or claim, any interest which would be affected by the declaration. . . ."  As a party to the two contracts being interpreted and adjudicated, Vibratech was an indispensable party in the state court action.  See, e.g., Andalusia Enters., Inc. v. Evanston Ins. Co., 487 F. Supp. 2d 1290, 1293-94 (N.D. Ala. 2007).

Inasmuch as complete diversity does not exist, this action is due to be remanded to the Circuit Court of Mobile County, Alabama, from whence it came. [6]

III. Conclusion.

Based on the foregoing, it is recommended that the pending Motion to Remand this action to the Circuit Court of Mobile County, Alabama (Doc. 12), be granted.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.

---

[6] Because this Court cannot ignore the citizenship of any of the Defendants and because Vibratech did not consent to the removal of this action, this case is also due to be remanded because the "unanimity requirement" has not been met. Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001) ("The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal.").

     The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 7th day of November, 2008.

                                      <u>s/BERT W. MILLING, JR.</u>
                                      UNITED STATES MAGISTRATE JUDGE